IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

DWAYNE B. ADAMS,

    Plaintiff,

vs.

WELLS FARGO BANK, N.A.,

    Defendant.

Case No. 1:19-cv-00965-CL
**OPINION AND ORDER**

AIKEN, District Judge:

United States Magistrate Judge Mark Clarke issued his Findings and Recommendation ("F&R") (doc. 10) in this case on August 14, 2019. Judge Clarke recommended that defendant Wells Fargo Bank N.A.'s Motion to Dismiss (doc. 4) be granted. The matter is now before the Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). Also before the Court is a Motion to Intervene (doc. 16) by the Bankruptcy Estate of Dwayne B. Adams ("the Estate").

Plaintiff filed timely objections to which defendant responded. Accordingly, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Dawson v. Marshall*, 561 F.3d 930, 932

(9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Before turning to plaintiff's objections, the Court will address the Motion to Intervene (doc. 16) by the Bankruptcy Estate of Dwayne B. Adams ("the Estate"), which is also before the Court. Having reviewed the briefing on the matter, the Court grant's the Estate's motion. Although the Estate's objections were untimely, the Court has considered them and concludes that they do not provide a basis to modify or reject the F&R.

Plaintiff objects that the application of res judicata, or claim preclusion, is improper because this suit and *Adams v. Wells Fargo Bank, N.A.*, Civ. No. 1:18-cv-01748-CL, ("the Prior Action") do not involve the same claim or cause of action and because the relevant prior ruling was not on the merits. Having reviewed these objections and the pertinent portions of the record de novo, I conclude that they do not provide a basis to modify or reject the F&R.

Plaintiff's objections also raise an issue not briefed before Judge Clarke—whether the application of claim preclusion is improper because the Prior Action is still pending in this court. *See Brown v. Roe*, 279 F.3d 742, 745-46 (9th Cir. 2002) (rejecting Fourth Circuit's holding that a district court must consider new arguments raised for the first time in an objection to a magistrate judge's F&R); *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000) (district courts have discretion to consider new evidence raised for the first time in an objection to a magistrate judge's F&R).

But even assuming this objection has merit and that dismissing the case on claim preclusion grounds was error, I would still conclude that dismissal was warranted because, under the doctrine against claim splitting, it is duplicative of the Prior Action. *See Davis v. Sun Oil Co.*, 148 F.3d 606, 613 (6th Cir. 1998) (referring to the doctrine against claim splitting as "the 'other action pending' facet of the res judicata doctrine") (quoted with approval by *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 689 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008)).

The rule against claim splitting is rooted in the district court's broad discretion to control its own docket as well as the court's interests in judicial economy and efficiency. The idea is to prevent the same plaintiff from filing multiple suits alleging the same claims against the same defendant when one suit will do. *See Adams*, 487 F.3d at 692-93. In the Ninth Circuit, "[a]fter weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Id.* at 688. "To determine whether a suit is duplicative, [the Ninth Circuit] borrow[s] from the test for claim preclusion." *Id.* The rule against claim splitting applies when the causes of action are the same and the parties are the same or are in privity. *Id.* at 689.

To determine whether the causes of action in two suits are the same, courts within the Ninth Circuit "use the transaction test, developed in the context of claim preclusion." *Id.* In applying the transaction test, courts examine four criteria:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Id.*[1] In the claim splitting context, "[t]he last of these criteria is the most important." *Id.*

The F&R applied the transaction test and concluded that all four criteria support the conclusion that this action and the Prior Action involve the same cause of action. F&R at 4-6. The F&R also concluded that the two actions involve the same parties. *Id.* at 5. I find no error in that analysis, and those determinations also support the conclusion that this action is duplicative of the Prior Action.

Although the Court has discretion to stay or enjoin a duplicative suit or to consolidate it with the earlier-filed suit, equitable considerations support dismissal of this duplicative suit with prejudice. As the Ninth Circuit has observed, "[d]ismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the comprehensive disposition of litigation." *Adams*, 487 F.3d at 693 (quotation marks omitted). And "'the fact that plaintiff was denied leave to amend does not give h[er] the right to file a second lawsuit based on the same facts.'" *Id.* at 688 (quoting *Hartsel Spring Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982 (10th Cir. 2002) (alteration in *Adams*); *see Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1025 (9th Cir. 2011), *abrogated on other*

---

[1] The particular claims alleged or relief sought in the two actions need not be identical, nor can a plaintiff simply add new legal theories to avoid a finding that two actions involve infringement of the same right. *Adams*, 487 F.3d at 689-91.

*grounds by Comcast Corp. v. Behrend*, 569 U.S. 27 (2013) (referring to actions dismissed for claim splitting as ones where "plaintiff was, in effect, attempting to avoid an unfavorable prior ruling in one case by filing essentially the same claims in a new case").

In sum, having reviewed the objections properly before the Court and the relevant portions of the record, I conclude that there is no basis to modify the F&R. Even if the Court considered plaintiff's unpreserved objection and found that it had merit, the Court would still exercise its inherent authority to control its own docket and dismiss the case with prejudice under the doctrine against claim splitting.

## CONCLUSION

The Estate's Motion to Intervene (doc. 16) is GRANTED. The Court ADOPTS Magistrate Judge Clarke's F&R (doc. 10) and therefore defendant's Motion to Dismiss (doc. 4) is GRANTED. This case is dismissed with prejudice, and a judgment shall be entered accordingly.

IT IS SO ORDERED.

Dated this 25th day of November 2019.

_____
Ann Aiken
United States District Judge